## Elliott *versus* Flanigan.

*Rights of Debtor under Exemption Law.—Duty of Officer as to Appraisement.*

A part of the goods of a defendant, levied by the sheriff on an execution, having been appraised and set apart to him on a former writ, he desired time to consult counsel as to the effect of the former appraisement, before making a new election. The sheriff appraised the goods, but refused the defendant the privilege of election out of the goods appraised, though demanded the next morning, and sold all the goods levied. It was *held*, that, as the defendant had caused no delay nor increase of costs, he should have been permitted to elect what he would retain out of the goods appraised, and that the sheriff was liable in damages for refusing such permission.

ERROR to the Common Pleas of *Westmoreland county*.

This was an action on the case brought by Francis Flanigan against Valentine Elliott, for levying and selling personal property of plaintiff, and for not appraising the same under the exemption law.

Elliott, who was the sheriff of Westmoreland county, held a writ of *fi. fa.* against Flanigan, who demanded the benefit of the exemption law, but when the appraisers were called, he refused to select the articles which he desired to retain, alleging that he desired to consult counsel as to the legal effect of a former appraisement of the same goods, before he made his selection under the present writ.

The sheriff proceeded to advertise, and after that, and up to the time of sale, refused to allow him to select, or to procure appraisers to appraise any of the goods levied on.

The point in this case in the court below was, whether a defendant must make his selection when the appraisers are summoned by the sheriff, and he is requested to do so; or whether, if he declines this, he can afterwards compel the officer to allow him to make his selection at any time before the sale.

The court below (BUFFINGTON, P. J.) was of the opinion that he was not bound to select at the demand of the officer and summoning of the appraisers; but might do so at any time before sale so as not to interrupt it.

The jury found for plaintiff $344.40 and costs, and judgment being entered thereon, the defendant sued out this writ, and assigned for error the instruction of the court as above stated.

*Edgar Cowan*, for plaintiff in error, cited and relied on the Act of April 9th 1849; Boyer's Appeal, 9 Harris 210; Bowman *v.* Smiley, 7 Casey 225; and Davis's Appeal, 10 Casey 256.

[Elliott *v.* Flanigan.]

*R. Coulter*, for defendant, contrà, cited Gilleland *v.* Rhoads, 10 Casey 187.

The opinion of the court was delivered, January 7th 1861, by

Woodward, J.—We think the sheriff's practice was a little too sharp in this case. Part of the goods levied having been appraised and set apart to the defendant on a former writ, he wanted to consult counsel as to the legal effect of that before he made a new election under the present writ. The sheriff insisted on an instant election, and went on and appraised all the goods levied. Next morning, the defendant having learned from counsel that he must elect anew, offered to do so either from the appraisement already made or to have a new appraisement of the articles he would choose to retain, and this offer was renewed, but refused by the sheriff down to the time of the sale.

The delay asked by the defendant does not strike us as unreasonable. He was several miles absent from his counsel. He wished to consult him about his rights before he was put to his election, and seeing that he caused no delay in the advertisement or the sale, and no increase of costs, we think he should have been permitted the next day to elect what goods already appraised he would retain. The sheriff was not quite consistent with himself in treating the defendant's demand as a nullity, and yet appraising the goods; but having appraised them, it would have occasioned him no inconvenience to allow the defendant, the next morning after the levy, to choose what he would have. He ought to have done so. We said in Gilleland *v.* Rhoads, 10 Casey 189, that the time for claiming the benefit of the exemption law is at the levy or at latest before the advertisement of the sale, unless absence or *other good cause* be shown to excuse delay. Here the demand was before advertisement—at least we infer that from the paper-books—but at any rate good cause was shown for what delay was claimed.

As to the convenience of sheriffs, it is enough to say that the statutory rights of parties are not to be sacrificed to mere official convenience. We would not sustain a defendant in capricious or unreasonable annoyance of the officer, but we do not account this defendant's conduct unreasonable.

The judgment is affirmed.